UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES

  -against-                      **MEMORANDUM AND ORDER**
                                          Case No. 18-CR-00502 (FB)
JONATHAN DEUTSCH,

              Defendant.
------------------------------------------------x

Appearances
*For the United States*:
RICHARD P. DONOGHUE
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: MEGAN ELIZABETH FARRELL

*For the Defendant*:
KANNAN SUNDARAM
LETICIA M. OLIVERA
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Pending before the Court is Jonathan Deutsch's application for pretrial release. Previous applications were denied by Magistrate Judge Levy. The Court held an extended colloquy with the parties, Pretrial Services, and Deutsch's father on December 12, 2018. For the reasons stated herein, the application is denied.

**Background**

Deutsch is charged with producing child pornography in violation of 18 U.S.C. §§ 2251(a), (e). The government alleges that Deutsch contacted hundreds of

1

minors through email, social networking sites, and mobile messaging applications, and persuaded or coerced them into exchanging sexually graphic materials with him.

Deutsch's parents live in Florida and have agreed to put up equity in their home as part of Deutsch's bail package. In addition, they agreed to become third-party custodians to Deutsch. At first, they contemplated moving into Deutsch's Brooklyn apartment for the pendency of the case and agreed to personally monitor his Internet use. Subsequently, however, they concluded that moving to Brooklyn would be too onerous for them. Instead, they suggested that Deutsch move into their home in Florida for the pendency of the case. Pretrial Services opposes this arrangement in part because their counterparts in the Middle District of Florida do not have a cyber monitoring program. *See* Dkt. 14 at 46:4–12.

## **Deutsch's Phone Call to His Father**

While his parents were still considering—but expressing doubts about—moving to Brooklyn, Deutsch called his father from jail. During that phone call, which the government produced as part of its opposition to the instant motion, Deutsch tried to persuade his father to lie to the Court:

> [I]t's important that we get out and maybe it's a couple of weeks—*and then you and mom have some emergency you need to go to Florida for something*—and we can talk to the judge or whoever else about modifying the thing that, since I've been there, been on my own, been outside for a month, they've monitored me, nothing's happened, I've made all my court appearances, done everything I'm supposed to do . . .

2

Dkt. 17 Ex. A at 2:09 (quoted at Dkt. 17 at 6–7) (emphasis added). Deutsch's plan, in other words, appears to have been to demonstrate an exemplary record of living with his parents for several weeks, after which they could falsely represent to the Court that they needed to return to Florida for an emergency. At that point, Deutsch would be able to argue that based on his record on pretrial release, the Court should not return him to custody. Admirably, Deutsch's father rejected this plan.

## Discussion

Applying the familiar burden-shifting framework established by the Bail Reform Act ("BRA"),[1] the Court holds that the government has not met its burden with respect to whether Deutsch poses a risk of danger to the community, but has met its burden with respect to whether Deutsch is a flight risk.

### A. Danger to the Community

The government opposes Deutsch's application because it is impossible for the Court to assure itself that Deutsch will not be able to access the Internet. In this day and age, the government points out, anyone can enter into a retail store and

---

[1] The Bail Reform Act ("BRA") establishes a presumption that defendants charged with conduct like Deutsch must be held in pretrial detention. 18 U.S.C. § 3142(e)(3)(D). The defendant may come forward with evidence that he neither poses a danger to the community nor a risk of flight, which turns the presumption into a factor for the court to consider. *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011). The government retains the burden of proof to show by clear and convincing evidence that the defendant poses a danger to the community, and by a preponderance of the evidence that he poses a flight risk. *Id.*

3

purchase an Internet-capable phone with cash. And Deutsch in particular, it quotes from his resume, "possess[es] an above average knowledge of computer hardware and software." In response, Deutsch argues that the BRA only requires a "reasonable assurance" of lack of danger to society, not an absolute guarantee.

Conceptually, there is a difference between requiring that Deutsch not have access to the Internet and demanding reasonable assurance of community safety. But the distinction is specious here, where the *only* potential danger Deutsch poses to the community is through the Internet. Insisting on a *guarantee* that Deutsch not have Internet access amounts to impermissibly turning the BRA's standard of reasonable assurance of community safety into one of absolute certainty.

The Court is also troubled by the government's substantive logic. While it is true that access to the Internet is more available than ever, the government's theory would imply that anyone charged with like conduct must be held in pretrial detention. The government responds by pointing to *United States v. Valerio*, 9 F. Supp. 3d 283 (E.D.N.Y. 2014), where the Court disclaimed any categorical rule that those accused of producing child pornography must be put in detention, and instead explained that its detention order was based only on the specific factors in that case, including:

> the nature of the particular charges here, the manner in which the offenses were allegedly carried out, the extremely strong evidence against defendant, and his history and characteristics (including the

4

alleged use of his home to commit one of the crimes, as well as the use of alleged hidden electronic equipment in his home).

*Id.* at 297.

*Valerio* is easily distinguishable. The defendant there was charged not only with possession of child pornography, but also with filming a child in his home. He was also charged with coordinating with an adult woman in Ukraine in sexually exploiting the woman's daughter. *See id.* at 285–87. Meanwhile, while Deutsch's charged conduct is deplorable, and the potential number of victims staggering, the conduct is alleged to have taken place solely through Internet communication with minors he found online. Deutsch is not accused of coming into any physical contact with children or facilitating such contact by others. And there is nothing in his background (apart from the conclusory quote from his resume) that he is unusually adept at evading computer monitoring. For example, he used nothing other than readily available consumer technology in perpetrating the charged crimes. The government's portrayal of Deutsch as a technical mastermind is simply not supported by any proffered evidence.

Embracing the government's argument in this case would amount to setting a *de facto* rule that anyone charged with similar conduct must be held in pretrial detention. That would be at odds with the government's statutory burden to prove by clear and convincing evidence that the defendant poses a danger to the community. The Court holds that the government did not meet that burden here.

**B.    Risk of Flight**

Risk of flight is another matter. Third-party custody by Deutsch's parents is the centerpiece of Deutsch's bail application. The phone call quoted above satisfies the Court that Deutsch cannot be properly supervised by his parents. More troublingly, it demonstrates his willingness to perpetrate a fraud against the Court. The nature of bail inherently requires the Court to place a degree of trust in the defendant to appear at court appearances. Deutsch's conduct persuades the Court that it cannot place such trust in him.

### Conclusion

For the foregoing reasons, Deutsch's bail application is denied.

**SO ORDERED.**

        /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 13, 2018