UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES OF AMERICA

   -v-                                           **MEMORANDUM AND ORDER**
                                                   Case No. 18-cr-502 (FB)

JONATHAN DEUTSCH,

-------------------------------------------------x

<u>Appearances:</u>

| | |
|---|---|
| *For the Defendant*: | *For the United States of America:* |
| DEIRDRE VON DORNUM | MEGAN ELIZABETH FARRELL |
| KANNAN SUNDARAM | MARGARET ELIZABETH LEE |
| Federal Defenders of NY | U.S. Attorney's Office, E.D.N.Y. |
| One Pierrepont Plaza | 271 Cadman Plaza East |
| Brooklyn, NY 11201 | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

On May 29, I stated that I was "inclined" to grant bail to the defendant provided that sufficient conditions would be put in place to satisfy me that the defendant would not now be a risk of flight or a danger to the community. I urged the parties to consult and propose a package to me. Having considered the parties' proposals, I now approve the following conditions for Deutsch's release:

1. Report to Pretrial Services as directed;
2. Restrict travel to only the route necessary to travel from New York City to Florida, as identified in Stuart Deutsch's April 9, 2020 letter, ECF 61-1 at 3;
3. Surrender any and all travel documents/do not apply for any travel documents;
4. Submit to mental health evaluation and treatment specific to the offense charged;

5. Do not have any contact or association with individuals under the age of 18, except when the minor is in the presence of another adult who is the parent or legal guardian of the minor;

6. Do not communicate with individuals under the age of 18 in writing, over the telephone or by any electronic means;

7. Avoid areas frequented primarily by individuals under the age of 18, such as schoolyards, parks, playgrounds, fast food restaurants near schools and arcades;

8. Subject to random drug testing, evaluation, and treatment as deemed necessary by Pretrial Services;

9. Subject to random home contacts;

10. Maintain a residence as approved by Pretrial Services;

11. Subject to home incarceration at defendant's parents' residence, located at 382 Bloomfield Dr., Spring Hill, Florida 34609, with leave for court appearances, attorney visits, medical appointments, and counseling services;

12. Subject to location monitoring as directed by Pretrial Services and in place before defendant's departure for Florida;

13. The defendant is not permitted to use any internet capable devices;

14. The U.S. Pretrial Services Agency may inspect any computer or devices with internet access within the defendant's residence, and install computer monitoring software as deemed appropriate;

15. The U.S. Pretrial Services Agency may monitor and control the internet routers within the defendant's household;

16. The defendant shall pay for the cost of location and computer monitoring; and

17. Defendant's parents shall serve as third-party custodians and co-sign a $100,000.00 bond, secured by $135,000 of equity in their home, the mortgage on which shall not be refinanced without approval of Pretrial services.

I recognize that the government remains steadfast in its position that bail should not be granted under any circumstances. But changing circumstances have tipped the balance into now allowing bail under those strict conditions. Principally,

this pre-trial detainee's trial was scheduled for June 15, but because no trials will then be possible due to the coronavirus pandemic I *sua sponte* rescheduled the trial to September 21.  Realistically, this is more of a control date because it is unknown when trials will resume, and the defendant's right to his trial remains in suspended animation, especially since the government will not consent to a bench trial.

Moreover, releasing defendant from his confinement in the Metropolitan Detention Center will afford him effective access to his attorney to prepare for the trial since, as the government candidly acknowledges, the MDC presently has suspended attorney visitations *sine die* and has otherwise circumscribed lawyer-client contact and communications.  *See* Gov't Opp'n, ECF 62 at 7–8 (recognizing "current BOP guidance" curtailing "pretrial inmates' access to counsel").

Accordingly, it is hereby ordered that the defendant shall forthwith be released from custody conditioned on compliance with the foregoing conditions of release.  The government's request for a stay is denied.

    **SO ORDERED**.

                                           /S/ Frederic Block  
                                           FREDERIC BLOCK  
                                           Senior United States District Judge

Brooklyn, New York  
June 4, 2020